UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSHUA M. WRIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-854-RLM-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Joshua Wright, a prisoner without a lawyer, filed this habeas corpus case challenging his prison disciplinary hearing case number ISP 12-03-52 held at the Indiana State Prison on March 8, 2017, where he was found guilty of Battery in violation of Indiana Department of Correction policy B-212. He was sanctioned with the loss of 60 days earned credit time.

In his petition, Mr. Wright attempts to raise two grounds to challenge the finding of guilt. He acknowledges that he hasn't presented any of these grounds to the Final Reviewing Authority.

The exhaustion requirement for habeas corpus proceedings is contained in 28 U.S.C. § 2254(b).

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in Markham v. Clark, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(i)) that a prisoner must use. Indiana offers two levels of administrative review:

> a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of Boerckel implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002).

Mr. Wright hasn't presented any indication that he exhausted either of the grounds raised in this petition, so the petition will be dismissed without prejudice. Because the dismissal is without prejudice, if Mr. Wright exhausts his administrative remedies, he may file a new habeas corpus petition challenging this disciplinary hearing. At that time, he must attach a copy of the denial letter from the Final Reviewing Authority.

For these reasons, the court DISMISSES the petition (ECF 1) WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claims are unexhausted. The Clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: <u>January 10, 2018</u>

            <u>/s/ Robert L. Miller, Jr.</u>
            Judge
            United States District Court